**Opinion filed April 18, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00265-CV

_____

## DEEPWELL ENERGY SERVICES, LLC, Appellant

## V.

## AVEDA TRANSPORTATION AND ENERGY SERVICES, JARED BROWN, LINDA CLARK, TOM HALLIDAY, AND MICKEY SIMS, Appellees

### On Appeal from the 385th District Court
### Midland County, Texas
### Trial Court Cause No. CV54356

## O P I N I O N

This is an interlocutory appeal brought under the Texas Citizens Participation Act (the TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2015), § 51.014(a)(12) (West Supp. 2018) (authorizing an interlocutory appeal of denial of a TCPA motion to dismiss).[1] Deepwell Energy Services appeals the denial

---

[1]An interlocutory appeal of the denial of a TCPA motion to dismiss "stays all other proceedings in the trial court pending resolution of that appeal." CIV. PRAC. & REM. § 51.014(b).

of its "Responsive Texas Citizens Participation Act Motion to Dismiss." Deepwell filed this motion in response to a TCPA motion to dismiss filed by Aveda Transportation and Energy Services, Jared Brown, Linda Clark, Tom Halliday, and Mickey Sims (Appellees). Deepwell alleged in its responsive motion to dismiss that Appellees' TCPA motion to dismiss violated the same act.

This appeal presents a threshold question: Is a TCPA motion to dismiss subject to dismissal by a responsive or countermotion to dismiss brought under the Act? Two of our sister courts of appeals have answered this question in the negative. *See Paulsen v. Yarrell*, 537 S.W.3d 224, 231–33 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Roach v. Ingram*, 557 S.W.3d 203 (Tex. App.—Houston [14th Dist.] 2018, pet. filed). As set forth herein, we agree with the First and Fourteenth Courts of Appeals that a party may not seek the dismissal of a TCPA motion to dismiss by filing a responsive or countermotion to dismiss under the Act. We affirm the order denying Deepwell's responsive TCPA motion to dismiss.

*Background Facts*

Deepwell sued Appellees under numerous legal theories, alleging that Appellees used Deepwell's confidential information to lure away Deepwell's employees. Appellees filed a motion under the TCPA to dismiss Deepwell's lawsuit. Deepwell filed a lengthy written response to Appellees' TCPA motion to dismiss. Deepwell also filed its own TCPA motion to dismiss Appellees' TCPA motion to dismiss. Deepwell referred to this motion as a "responsive TCPA motion to dismiss."

The trial court entered separate written orders granting Appellees' motion to dismiss and denying Deepwell's responsive motion to dismiss. Deepwell filed a notice of appeal from the order denying its responsive motion to dismiss. Thus, the trial court's order granting Appellees' motion to dismiss is not at issue in this appeal.

*Analysis*

The TCPA is an anti-SLAPP law; "SLAPP" is an acronym for "strategic lawsuits against public participation." *KBMT Operating Co. v. Toledo*, 492 S.W.3d 710, 713 n.6 (Tex. 2016). The TCPA is intended "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." CIV. PRAC. & REM. § 27.002.

Deepwell asserts in its first issue that Appellees' motion to dismiss under the TCPA could be challenged by a responsive or countermotion to dismiss filed under the same act. Deepwell's first issue involves the construction of a statute, which courts review de novo. *See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011); *Paulsen*, 537 S.W.3d at 231. We note that we also review a trial court's ruling denying a motion to dismiss under the TCPA de novo. *Paulsen*, 537 S.W.3d at 231.

The TCPA allows a defendant to obtain expedited dismissal of certain legal actions for which the party bringing the action does not establish prima facie support. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 4–5 (Tex. 2018). "The TCPA permits a party to file a motion to dismiss a 'legal action' if the action 'is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association.'" *Id.* at 8 (quoting CIV. PRAC. & REM. § 27.003(a)). The TCPA defines a "[l]egal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." CIV. PRAC. & REM. § 27.001(6).

Deepwell asserts that Appellees' TCPA motion to dismiss was a legal action that was based on, related to, or in response to Deepwell's exercise of its right to petition. Deepwell contends that the legislature defined the term "legal action" "very

broadly." Deepwell focuses its analysis on the words "or any other judicial pleading or filing that requests legal or equitable relief" contained at the end of Section 27.001(6). Deepwell contends that this phrase "greatly expands the scope of a 'legal action' beyond traditional 'actions'" to include a motion to dismiss under the TCPA.

*Paulsen v. Yarrell*

In *Paulsen*, the First Court of Appeals addressed the same issue presented in this appeal—whether a TCPA motion to dismiss is a "legal action" under the TCPA that would authorize the filing of a countermotion to dismiss under the TCPA. *Paulsen*, 537 S.W.3d at 233. The court in *Paulsen* determined that a TCPA dismissal motion is not itself a TCPA "legal action" subject to a TCPA dismissal motion. *Id.*; *see Harper*, 562 S.W.3d at 8 (noting the holding in *Paulsen*). The court in *Paulsen* reached this determination by examining the definition of "legal action" in the TCPA:

> (6) "Legal action" means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim *or any other judicial pleading or filing that requests legal or equitable relief.*

CIV. PRAC. & REM. § 27.001(6) (emphasis added).

As is the case in this appeal, the appellant in *Paulsen* asserted that the words "any other judicial pleading or filing that requests legal or equitable relief" are broad enough to include a TCPA motion to dismiss. *Paulsen*, 537 S.W.3d at 233. The court in *Paulsen* described the last phrase as a "catch-all following a list of other covered 'legal actions.'" *Id.* Relying upon the doctrine of *ejusdem generis*, the court noted that, when more specific items are followed by a catch-all "other," the latter must be limited to things like the former. *Id.* (citing *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 504 (Tex. 2015)). The court in *Paulsen* characterized the definition's inclusion of "lawsuit," "cause of action," "petition," "complaint,"

4

"cross-claim," and "counterclaim" as a class of procedural vehicles for the vindication of a legal claim. *Id.* The court concluded that a TCPA motion to dismiss is not a procedural vehicle for the vindication of a legal claim and that it is therefore not included in the catch-all provision at the end of the definition. *Id.*

The court in *Paulsen* stated as follows:

> Were we to conclude otherwise, the proliferation of "piecemeal or seriatim 'motions to dismiss' attacking myriad 'legal actions' that consist merely of individual filings within or related to a lawsuit, as opposed to the underlying lawsuit and substantive claims that are the Act's core focus" would result in application of the TCPA that "strays from—and, indeed, undermines through cost and delay—its manifest purpose to secure quick and inexpensive dismissal of meritless 'legal actions' that threaten expressive freedoms."

*Id.* at 233–34 (quoting *In re Elliott*, 504 S.W.3d 455, 480 (Tex. App.—Austin 2016, orig. proceeding) (Pemberton, J., concurring)).[2] The court in *Paulsen* also expressed concern that permitting a TCPA countermotion to dismiss could allow a plaintiff to defeat a motion to dismiss under the TCPA while avoiding the requirement to show that his claim has merit in response to the defendant's TCPA motion to dismiss. *Id.* at 234. The court further noted that a TCPA countermotion to dismiss would frustrate the attorney's fees provision of the TCPA in a manner that finds no support in the Act. *Id.*; *see* CIV. PRAC. & REM. § 27.009(b). Accordingly, the court held that the TCPA's dismissal mechanism does not authorize a countermotion to dismiss as a substitute for a standard response in opposition. *Id.*

---

[2]The court in *Paulsen* also cited Justice Pemberton's concurring opinion in *In re Elliott* for the proposition that the catch-all portion of the "legal action" definition functions "primarily as a safeguard against creative repleading of what are substantively lawsuits, causes of action, petitions, complaints, counterclaims, or cross-claims so as to avoid the TCPA's dismissal mechanisms." *Paulsen*, 537 S.W.3d at 233 n.2 (quoting *In re Elliott*, 504 S.W.3d at 477–78 (Pemberton, J., concurring)).

5

*Roach v. Ingram*

In *Roach*, the Fourteenth Court of Appeals addressed the same question. *Roach*, 557 S.W.3d at 217. The court focused its analysis on its sister court's holding in *Paulsen*. The court in *Roach* agreed with *Paulsen*'s interpretation of the TCPA's definition of "legal action" under the doctrine of *ejusdem generis*. *Id.* at 217–18. The court in *Roach* also noted the concerns raised in *Paulsen* if a countermotion to dismiss is permitted under the TCPA. *Id.* at 218. The court in *Roach* held as follows: "We agree with the *Paulsen* court's reasoning and similarly hold that a TCPA motion to dismiss is not a "legal action" under section 27.001(6) and, accordingly, the TCPA does not authorize [a] counter-TCPA motion in response to [a] TCPA motion to dismiss." *Id.*

*Our Interpretation of the TCPA*

When construing the TCPA, our objective is to give effect to the legislature's intent. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). We must "look to the statute's plain language" to give effect to the legislature's intent as expressed through the statutory text. *Id.* "Plainly, a motion to dismiss is not a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim." *Roach*, 557 S.W.3d at 217. Thus, Deepwell's argument succeeds only if the phrase "or any other judicial pleading or filing that requests legal or equitable relief" is construed to include a motion to dismiss. *See id.*

We agree with *Paulsen*'s construction of the "catch-all" phrase under the doctrine of *ejusdem generis* in that it "must be limited to things like the former." *Paulsen*, 537 S.W.3d at 233. We hold that a TCPA motion to dismiss is not included as a "legal action" under the phrase "or any other judicial pleading or filing that requests legal or equitable relief" because it is not a procedural vehicle for the vindication of a legal claim like a "lawsuit," "cause of action," "petition," "complaint," "cross-claim," or "counterclaim." *Id.* (quoting Section 27.001(6)); *see*

6

*Roach*, 557 S.W.3d at 217–18.  In reaching this holding, we share the same concerns expressed in *Paulsen*—that permitting a TCPA countermotion to dismiss would spawn the "proliferation of piecemeal or seriatim motions to dismiss." *Paulsen*, 537 S.W.3d at 233–34 (internal quotation marks omitted).  Furthermore, we agree with Justice Pemberton's conclusion that the catch-all provision serves the purpose of being a safeguard against creative repleading of what are substantively lawsuits, causes of action, petitions, complaints, counterclaims, or cross-claims so as to avoid the TCPA's dismissal mechanisms. *In re Elliott*, 504 S.W.3d at 477–78 (Pemberton, J., concurring).

We overrule Deepwell's first issue.  Because of our disposition of Deepwell's first issue, we do not reach its second and third issues addressing the merits of its responsive TCPA motion to dismiss.

*This Court's Ruling*

We affirm the trial court's "Order Denying Plaintiff's Responsive TCPA Motion to Dismiss," and we remand this cause for further proceedings consistent with this opinion.

April 18, 2019                                         JOHN M. BAILEY

Panel consists of: Bailey, C.J.,                      CHIEF JUSTICE
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.