**Opinion filed February 4, 2021**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-20-00122-CV

_____

## MICHAEL A. RUFF, Appellant

## V.

## SUZANN RUFF, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C46164**

### M E M O R A N D U M   O P I N I O N

This appeal arises from litigation between Michael A. Ruff and his mother, Suzann Ruff, over more than 4,600 acres of real property in Palo Pinto County. During the course of the litigation, Suzann[1] filed a motion to compel the removal of a video posted on YouTube.com. Pursuant to the Texas Citizens Participation Act,

---

[1]Because several individuals involved in this dispute have the same surname, we will refer to those individuals by first name for purposes of clarity.

TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2015) (the TCPA),[2] Michael, acting pro se, filed a motion to dismiss Suzann's motion to compel. The trial court denied Michael's motion to dismiss, found that the motion was frivolous and filed solely for purposes of delay, and awarded Suzann attorney's fees of $3,828 plus attorney's fees on appeal.

In this interlocutory appeal, Michael asserts that the trial court (1) erred when it denied the motion to dismiss because he established that the TCPA applies to Suzann's motion to compel, Suzann failed to establish with clear and specific evidence a prima facie case for her requested relief, and he established an affirmative defense by a preponderance of the evidence; (2) erred when it found that the motion to dismiss was frivolous and filed solely for purposes of delay and awarded attorney's fees to Suzann; and (3) "render[ed] the statute moot, and foreclose[d] [Michael's] right to appellate review" when it failed to timely hold a hearing on the motion to dismiss.

We hold that we have jurisdiction over this appeal because the trial court timely set Michael's motion to dismiss for hearing and because Michael's premature notice of appeal was deemed effective after the trial court timely denied the motion. We affirm the trial court's order denying Michael's motion to dismiss and awarding attorney's fees to Suzann.

---

[2]The Texas legislature amended the TCPA effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, 12 (H.B. 2730) (codified at CIV. PRAC. & REM. §§ 27.001, .003, .005–.007, .0075, .009–.010). The 2019 amendments apply to an "action" filed on or after September 1, 2019. *Id.* §§ 11–12. As discussed in this opinion, the parties disagree on whether the 2019 amendments to the statute apply to Michael's motion to dismiss. Because the 2019 amendments to the statute do not affect our analysis, all citations in this opinion to the Texas Civil Practice and Remedies Code are to the version of the statute prior to September 1, 2019. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500.

*Background*

In 2011, Suzann sued Michael in probate court in Dallas County. Michael filed a demand for arbitration with the American Arbitration Association, and the litigation in the probate court was stayed. While the arbitration was pending, Suzann filed this case in Palo Pinto County against Michael and a number of other defendants.

On December 7, 2017, the arbitration panel issued a decision in which it found that Michael committed numerous torts against Suzann and awarded Suzann damages of $49,000,000 plus interest, attorney's fees, and expenses. In Suzann's favor, the arbitration panel also imposed a constructive trust on any real property allegedly owned by Michael that had belonged to Suzann or originated from property owned by Suzann and on Michael's interest in any entity that he formed or in which he invested using Suzann's property. The arbitration panel listed specific properties that were subject to the constructive trust, including "4,683 acre real property asset located in Palo Pinto County, Texas." The probate court confirmed the arbitration award, and Michael unsuccessfully appealed the judgment to the Dallas Court of Appeals. *See Ruff v. Ruff*, No. 05-18-00326-CV, 2020 WL 4592794, at *4 (Tex. App.—Dallas Aug. 11, 2020, pet. filed) (mem. op.).

In July 2019, while both this case and the appeal of the probate court judgment were pending, a video was uploaded to YouTube entitled "The Financial Murder of Mike Ruff." In the video, Michael and three of his siblings discuss their father, their father's death, the arbitration, the litigation with Suzann, Suzann's mental health, another sibling's criminal history, and actions taken by Suzann's attorney.

On January 29, 2020, Suzann filed a motion to compel the removal of the video from YouTube. Suzann specifically argued that the video was available to all potential jurors in Palo Pinto County and that it contained false statements intended

to prejudice potential jurors against Suzann and her attorneys. Suzann stated that Michael had "apparently" uploaded the video; that she had contacted both YouTube and several attorneys for some of the defendants and requested that the video be removed; and that she had been unable to locate contact information for Aman Khanna, the individual that Suzann believed had produced and uploaded the video. Suzann requested that the trial court hold an evidentiary hearing so that Michael; Mark Ruff, who is Michael's brother and codefendant; and two attorneys could be questioned about the video.

On February 12, 2020, Michael filed a TCPA motion to dismiss Suzann's motion to compel. Michael asserted that Suzann's motion to compel was a "legal action" under the TCPA because it was a "legal filing requesting that the Court take action to Order [Michael] to remove a YouTube video." Michael also argued that Suzann's motion to compel was related to Michael's exercise of his right of free speech and that Suzann could not establish by clear and specific evidence a prima facie case to support each element of the requested relief. On February 13, 2020, the trial court set the motion to dismiss for hearing on March 13, 2020.

Suzann filed her response to Michael's motion to dismiss on February 26, 2020. That same day, Mark removed the case to federal court. The federal district court granted Suzann's motion to remand the case to the trial court and mailed notice of the remand to the Palo Pinto County district clerk on April 22, 2020.

On May 5, 2020, Michael requested that the motion to dismiss be set for hearing prior to May 12, 2020.[3] Two days later, in a Motion to Strike and Objections to Certain Trial Court's Actions, Michael agreed that the trial court could consider

---

[3]Because he was required to coordinate with the elected judge's schedule, the trial judge assigned to hear this case scheduled days for hearing motions and ordered that any motion on file more than ten days prior to a scheduled hearing day would be heard at the hearing. The record contains no indication that May 12, 2020, was a scheduled hearing date.

the motion to dismiss by submission "(given that the Court will not set the motion for hearing at this time despite requests)." On May 13, 2020, Michael filed a notice of interlocutory appeal and asserted that the motion to dismiss had been overruled by operation of law.

The trial court notified the parties on May 24, 2020, that it would hear Michael's motion to dismiss by submission on or after June 1, 2020. On June 4, 2020, the trial court signed an order denying the motion to dismiss. Further, it found that the motion to dismiss was frivolous and was filed solely for purposes of delay, and it awarded Suzann attorney's fees of $3,828, as well at attorney's fees on appeal.[4] Michael filed an amended notice of appeal on June 24, 2020.

*The TCPA*

The TCPA protects citizens from retaliatory lawsuits meant to intimidate or silence them on matters of public concern. *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019); *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). "The Legislature enacted the TCPA 'to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.'" *In re Panchakarla*, 602 S.W.3d 536, 538 (Tex. 2020) (orig. proceeding) (per curiam) (quoting CIV. PRAC. & REM. § 27.002).

The TCPA provides for an expedited dismissal procedure when a "legal action" is based on, related to, or in response to a party's exercise of the right of free speech, right to petition, or right of association. CIV. PRAC. & REM. § 27.003(a);

---

[4]We note that the trial court did not expressly condition the award of appellate attorney's fees on the success of the appeal. "Because unconditional appellate fees are improper, such a condition is necessarily implied." *La Ventana Ranch Owners' Ass'n, Inc. v. Davis*, 363 S.W.3d 632, 652 n.17 (Tex. App.—Austin 2011, pet. denied); *see also Branfman v. Alkek*, No. 13-18-00554-CV, 2020 WL 2776719, at *4–5 (Tex. App.—Corpus Christi–Edinburg May 28, 2020, no pet.) (mem. op.).

*Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018).  The movant has the initial burden to demonstrate by a preponderance of the evidence that the legal action is based on, related to, or in response to one of the rights protected by the statute.  CIV. PRAC. & REM. § 27.005(b); *Youngkin*, 546 S.W.3d at 679.  If the movant makes this showing, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question.  CIV. PRAC. & REM. § 27.005(c); *Youngkin*, 546 S.W.3d at 679.  Even when the nonmovant satisfies that burden, the trial court must dismiss the legal action if the movant "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim."  CIV. PRAC. & REM. § 27.005(d); *see Youngkin*, 546 S.W.3d at 679–80.  We review de novo the question of whether the parties satisfied their respective burdens.  *Hall*, 579 S.W.3d at 377.

### Jurisdiction

In his fourth issue, Michael asserts that the trial court's failure to hold a timely hearing on the motion to dismiss "render[ed] the statute moot" and "foreclosed [his] right to appellate review."  Michael included no substantive arguments and cited no authority in his fourth issue, *see* TEX. R. APP. P. 38.1(i), but incorporated by reference a brief that he filed addressing this court's jurisdiction over this appeal.[5]  In that jurisdictional brief, Michael argues that this court has jurisdiction over this appeal based on the May 13, 2020 notice of appeal or, alternatively, based on the June 24, 2020 amended notice of appeal.  Finally, Michael requests that, if we

---

[5]We note that, as a pro se litigant, Michael is not exempt from the procedural rules, *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam), and that, if Michael were not required to comply with the procedural rules, he would be given unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).  However, we are also instructed to construe the appellate briefing rules liberally so that substantial compliance is sufficient to address the merits of an argument.  TEX. R. APP. P. 38.9; *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam).  Therefore, we address those arguments that can be reasonably construed to have been raised in Michael's briefs.

determine that the trial court's June 4, 2020 order is "invalid," we treat this appeal as a petition for writ of mandamus.

This court's jurisdiction is invoked by a timely filed notice of appeal of an appealable judgment or order. *See* TEX. R. APP. P. 25.1. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders are appealable only if permitted by statute. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding); *see also CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) (instructing courts to strictly apply interlocutory appeal statutes as "a narrow exception to the general rule that interlocutory orders are not immediately appealable").

A party has a statutory right to bring an interlocutory appeal when a trial court signs an order in which it denies a TCPA motion to dismiss, *see* CIV. PRAC. & REM. § 51.014(a)(12), and when a TCPA motion to dismiss is denied by operation of law, *id.* § 27.008(a). A motion to dismiss is considered to be denied by operation of law when the trial court fails to timely rule on the motion. CIV. PRAC. & REM. § 27.008(a). Except for certain exceptions not applicable here, the TCPA requires that a hearing on a motion to dismiss be set not later than the 60th day after the date of service of the motion. *Id.* § 27.004(a). The trial court must rule on the motion not later than the 30th day following the date of the hearing. *Id.* § 27.005(a). In this case, Michael filed the motion to dismiss on February 12, 2020. Based on that filing date, the trial court was required to set the motion for hearing not later than April 13, 2020, *see id.* § 27.004(a); TEX. R. CIV. P. 4, and to rule on the motion not later than May 13, 2020, *see* CIV. PRAC. & REM. § 27.005(a).

The trial court set the motion to dismiss for hearing on March 13, 2020. That hearing did not occur because Mark removed the case to federal court on February 26, 2020, which divested the trial court of jurisdiction. *See* 28 U.S.C.

§ 1446(d) (A notice of removal served on all adverse parties and filed with the clerk of the state court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded."); *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 624 (Tex. 2007) (orig. proceeding) ("From the time the case was removed to federal court until it was remanded to state court, the state court was prohibited from taking further action.").

Generally, state court time periods and deadlines are suspended when a case is removed to federal court, and the period of removal is not considered in the determination of whether a motion in the state court has been timely filed or considered. *In re Univ. of the Incarnate Word*, 469 SW.3d 255, 258–259 (Tex. App.—San Antonio 2015, orig. proceeding). Upon remand, the state court proceeds from the point reached in the state court action prior to removal as if no interruption had occurred. *Id.* at 259; *see also Quaestor Invests., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (per curiam) (holding that appellate timetable recommences after jurisdiction revests in the state court after remand by the federal district court), *abrogated on other grounds by Ex parte E.H.*, 602 S.W.3d 486, 496–97 (Tex. 2020). The remand is complete and state court jurisdiction revests when the federal court executes the order of remand and mails a certified copy to the state court. *Quaestor*, 997 S.W.2d at 229; *In re Univ. of the Incarnate Word*, 469 S.W.3d at 258.

At the time that Mark removed the case, Michael's motion to dismiss had been on file for fourteen days. When the case was remanded to the trial court on April 22, 2020, the proceedings resumed as if there had been no interruption, and the trial court had forty-six days in which to set the motion to dismiss for hearing. *See* CIV. PRAC. & REM. § 27.004(a). Therefore, the trial court was required to set the motion to dismiss for hearing not later than June 8, 2020. *See* TEX. R. CIV. P. 4.

On May 13, 2020, Michael filed a notice of interlocutory appeal from the purported denial of his motion to dismiss by operation of law. However, because the statutory time periods for the trial court to set the motion to dismiss for hearing and to rule on the motion had not run by May 13, 2020, the motion to dismiss had not been overruled by operation of law. *See* CIV. PRAC. & REM. § 27.008(a). Further, on May 13, 2020, the trial court had not expressly disposed of the motion to dismiss. Therefore, Michael's May 13 notice of appeal was premature. *See de la Torre v. de la Torre*, No. 03-19-00597-CV, 2020 WL 6018572, at *2 (Tex. App.—Austin Oct. 9, 2020, no pet.) (holding that appeal was premature when a TCPA motion to dismiss had not been disposed of in the trial court at the time that the appeal was filed); *Deuell v. Tex. Right to Life Comm., Inc.*, No. 01-15-00011-CV, 2015 WL 778367, at *2 (Tex. App.—Houston [1st Dist.] Feb. 24, 2015, no pet.) (per curiam) (mem. op.) (holding that appellate court did not have jurisdiction over interlocutory appeal when, after remand of the case from the federal court, the trial court had neither denied the motion to dismiss nor failed to timely rule on the motion after a hearing prior to the time that the appeal was filed). "In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." TEX. R. APP. P. 27.1(a); *see also de la Torre*, 2020 WL 6018572, at *2.

The trial court timely set the motion to dismiss for hearing by submission on June 1, 2020, and timely denied the motion to dismiss on June 4, 2020. Michael's premature notice of appeal was deemed effective on June 4, 2020, after the trial court signed the order, *see* TEX. R. APP. P. 27.1(a), and we have jurisdiction over this interlocutory appeal. We overrule Michael's fourth issue.

*Applicability of the TCPA*

In his first issue, Michael contends that the trial court erred when it denied the motion to dismiss because he established that the TCPA applies to Suzann's motion to compel.

Under the TCPA, a party may file a motion to dismiss a "legal action" that is based on, related to, or in response to a party's exercise of the right of free speech, right to petition, or right of association. CIV. PRAC. & REM. § 27.003(a). The movant has the burden to establish by a preponderance of the evidence that the legal action is based on, related to, or in response to one of the rights protected by the statute. *Id.* § 27.005(b); *Youngkin*, 546 S.W.3d at 679.

Effective September 1, 2019, the legislature made significant amendments to the TCPA. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, 12 (H.B. 2730) (codified at CIV. PRAC. & REM. §§ 27.001, .003, .005–.007, .0075, .009–.010). As relevant to this issue, the legislature amended the statutory definition of "legal action." *Id.* § 1. The 2019 revisions apply to an "action" filed on or after September 1, 2019. *Id.* § 11.

The original petition in this case was filed before September 1, 2019. However, Suzann's motion to compel was filed after September 1, 2019. Michael relies on the definition of "legal action" contained in the 2011 version of the statute. Suzann, on the other hand, argues that, because Michael directed the motion to dismiss at Suzann's motion to compel, the definition of "legal action" in the 2019 statute applies. We need not resolve this dispute because Suzann's motion to compel does not constitute a "legal action" under either version of the statute.

As enacted in 2011, the TCPA defined a "legal action" as a "lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim, or any other judicial pleading or filing that requests legal or equitable relief." CIV. PRAC. &

REM. § 27.001(6). Suzann's motion to compel is not a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim. Therefore, Suzann's motion to compel is a legal action under the 2011 version of the TCPA only if it is a "judicial pleading or filing that requests legal or equitable relief." *See id.* This phrase has been referred to as the "catch-all" provision of the statutory definition. *Deepwell Energy Servs., LLC v. Aveda Transp. & Energy Servs.*, 574 S.W.3d 925, 929 (Tex. App.—Eastland 2019, pet. denied); *Paulsen v. Yarrell*, 537 S.W.3d 224, 233–34 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

Based on the doctrine of *ejusdem generis*, we held in *Deepwell Energy* that, in order to fall within this catch-all provision, a filing must be a "procedural vehicle for the vindication of a legal claim" similar to a "lawsuit," "cause of action," "petition," "complaint," "cross-claim," or "counterclaim." *Deepwell Energy*, 574 S.W.3d at 929; *see also Roach v. Ingram*, 557 S.W.3d 203, 217 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *Paulsen*, 537 S.W.3d at 233. In reaching this conclusion, we specifically noted the *Paulsen*'s court's holding that, if the catch-all provision of the statutory definition was interpreted to include all motions filed during the course of litigation:

> [T]he proliferation of "piecemeal or seriatim 'motions to dismiss' attacking myriad 'legal actions' that consist merely of individual filings within or related to a lawsuit, as opposed to the underlying lawsuit and substantive claims that are the [TCPA's] core focus" would result in application of the TCPA that "strays from—and, indeed, undermines through cost and delay—its manifest purpose to secure quick and inexpensive dismissal of meritless 'legal actions' that threaten expressive freedoms."

*Deepwell Energy*, 574 S.W.3d at 928 (quoting *Paulsen*, 537 S.W.3d at 233–34); accord *In re Elliott*, 504 S.W.3d 455, 480 (Tex. App.—Austin 2016, orig. proceeding) (Pemberton, J., concurring).

11

In *Misko v. Johns*, 575 S.W.3d 872 (Tex. App.—Dallas 2019, pet. denied), the Dallas Court of Appeals considered whether a motion for sanctions for alleged discovery abuse committed during the course of litigation constituted a "legal action" under the catch-all provision. The *Misko* court concluded that "the catch-all provision . . . 'functions primarily as a safeguard against creative re-pleading of what are substantively lawsuits, causes of action, petitions, complaints, counterclaims, or cross-claims so as to avoid the TCPA's dismissal mechanisms' and, when viewed in light of the purpose of the TCPA, must be given a 'somewhat restrictive application.'" 575 S.W.3d at 876–77 (quoting *Dow Jones & Co. v. Highland Capital Mgmt. L.P.*, 564 S.W.3d 852, 857 (Tex. App.—Dallas 2018, pet. denied)); *see also Deepwell Energy*, 574 S.W.3d at 929; *Paulsen*, 537 S.W.3d at 234. Therefore, "a motion based on conduct within litigation that is ancillary to the substantive claims in the case" does not fall within the catch-all provision of "other judicial pleading or filing." *Misko*, 575 S.W.3d at 877; *see also Nunu v. Risk*, 612 S.W.3d 645, 661 (Tex. App.—Houston [14th Dist.] 2020, no pet. h.) (holding that an objection was merely "an action taken by counsel to call the court's attention to improper evidence or procedure" and, therefore, was not a "legal action" under the TCPA (quoting *Heidelberg v. State*, 36 S.W.3d 668, 672 (Tex. App.—Houston [14th Dist.] 2001, no pet.))).

In her motion to compel, Suzann did not seek to vindicate her substantive claims against Michael. Rather, Suzann complained that Michael's conduct after the litigation had commenced was improper and potentially tainted the available jury pool, and Suzann requested that the video be temporarily removed from YouTube to prevent any prejudice to her from the statements made by Michael and his siblings in the video. Because the motion to compel was ancillary to Suzann's substantive claims, it was not a "procedural vehicle for the vindication of a legal claim" that

would constitute a "legal action" under the catch-all provision of the 2011 statutory definition.[6] *See Misko*, 575 S.W.3d at 877; *see also In re Guardianship of Fairley*, 604 S.W.3d 450, 459 (Tex. App.—San Antonio 2020, pet. filed) (motion to transfer did not seek an adjudication of the merits of the plaintiff's substantive claims and, therefore, was not a "legal action" subject to the TCPA); *Caliber Oil & Gas, LLC v. Midland Visions 2000*, 591 S.W.3d 226, 237 (Tex. App.—Eastland 2019, no pet.) (counterclaim in which the defendants requested that the plaintiff's claims be dismissed was not "a procedural vehicle for the vindication of a legal claim").

In 2019, the legislature amended the definition of "legal action" in the TCPA. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 1. Under the 2019 amendments, a "legal action" is defined as:

> [A] lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief. The term does not include:
>
> (A) a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief;
>
> (B) alternate dispute resolution proceedings; or
>
> (C) post-judgment enforcement actions.

*Id.* The explicit exclusion of procedural actions and motions that do not amend or add a claim was consistent with existing case law that a "legal action" only encompassed a procedural vehicle for the vindication of a substantive legal claim.

In the motion to compel, Suzann did not amend or add a claim for legal, equitable, or declaratory relief. Rather, she sought the temporary removal of the video from YouTube on the grounds that certain statements in the video could

---

[6]The trial court has not ruled on Suzann's motion to compel, and we express no opinion as to whether Suzann is entitled to the relief sought.

prejudice the potential jury pool and prevent her from obtaining a fair trial on her substantive claims. Therefore, Suzann's motion to compel was not a "legal action" as defined in the 2019 amendments to the TCPA.

We hold that Michael failed to establish that Suzann's motion to compel was a legal action that was subject to the TCPA. Therefore, we overrule Michael's first issue. Because Michael failed to establish that the TCPA applies to Suzann's motion to compel, we need not address his second issue in which he complains that Suzann failed to establish by clear and specific evidence a prima facie case of each essential element of her claim and that he established an affirmative defense by a preponderance of the evidence. *See* TEX. R. APP. P. 47.1; *Blue Gold Energy Barstow, LLC v. Precision Frac, LLC*, No. 11-19-00238-CV, 2020 WL 1809193, at *8 (Tex. App.—Eastland Apr. 9, 2020, no pet.) (mem. op.).

*Attorney's Fees*

In his third issue, Michael asserts that the trial court erred when it found that the motion to dismiss was frivolous and filed solely for purposes of delay and when it awarded attorney's fees to Suzann.

We review the trial court's decision to award attorney's fees under the TCPA for an abuse of discretion. *Caliber*, 591 S.W.3d at 242; *Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 857 (Tex. App.—Austin 2018, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without regard to guiding principles. *Caliber*, 591 S.W.3d at 242–43; *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

"[T]o secure an award of attorney's fees from an opponent, the prevailing party must prove that: (1) recovery of attorney's fees is legally authorized, and (2) the requested attorney's fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally

for its losses resulting from the litigation process." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019). Michael contends that Suzann failed to establish either prong.

The TCPA gives the trial court discretion to award costs and reasonable attorney's fees to a nonmovant if it determines that the motion to dismiss was frivolous <u>or</u> solely intended to delay. CIV. PRAC. & REM. § 27.009(b). "[A] finding that a motion to dismiss is not well taken must precede an award of the respondent's attorney's fees under Section 27.009(b)." *Caliber*, 591 S.W.3d at 243 (quoting *In re Estate of Calkins*, 580 S.W.3d 287, 300 (Tex. App.—Houston [1st Dist.] 2019, no pet.)). The trial court found that Michael's motion to dismiss was <u>both</u> frivolous and solely intended to delay and awarded Suzann $3,828 for attorney's fees to respond to the motion to dismiss and additional attorney's fees on appeal.

Michael first asserts that the trial court erred when it found that the motion to dismiss was frivolous. A motion to dismiss under the TCPA is frivolous if it has no basis in law or fact and lacks a legal basis or legal merit. *Caliber*, 591 S.W.3d at 243. As set out above, when Michael filed the motion to dismiss, this court had held in both *Deepwell Energy* and *Caliber* that, under the 2011 version of the TCPA, a filing was a "legal action" under the catch-all provision of the statutory definition only if it was a procedural vehicle for the vindication of a legal claim. Further, in *Deepwell Energy*, this court specifically noted its concerns about the potential for the "proliferation of piecemeal or seriatim motions to dismiss." 574 S.W.3d at 929 (quoting *Paulsen*, 537 S.W.3d at 233–34). Against the background of interpretation that the courts of appeals had given to the catch-all provision of the definition of "legal action," in 2019, the legislature amended the definition of "legal action" to specifically exclude motions such as Suzann's from the reach of the statute.

15

There is no indication in the record that, prior to filing the motion to dismiss, Michael evaluated whether there was any legal basis to support an argument that the TCPA applied to Suzann's motion to compel. Further, Michael included no substantive argument in the motion to dismiss to support his contention that Suzann's motion to compel was a "legal action" subject to the TCPA. On this record, we cannot conclude that the trial court abused its discretion when it found that the motion to dismiss was frivolous. *See Caliber*, 591 S.W.3d at 243–44. Because the TCPA authorizes an award of attorney's fees when a motion to dismiss is frivolous, we need not address whether the trial court abused its discretion when it found that the motion to dismiss was solely intended to delay. *See* TEX. R. APP. P. 47.1; *Caliber*, 591 S.W.3d at 244.

Michael next contends that the evidence was insufficient to support the amount of attorney's fees awarded to Suzann because Suzann's attorney failed to "represent the assertions" in his affidavit "stem from the personal knowledge of the affiant" and because Suzann had a contingency fee agreement with her attorney.

Texas uses the "lodestar method," which is essentially a "short hand version" of the *Arthur Andersen*[7] factors, to determine reasonable and necessary attorney's fees. *Rohrmoos Venture*, 578 S.W.3d at 496. Under the lodestar method, the factfinder must first determine the reasonable hours spent by counsel and the reasonable hourly rate for counsel's work. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). The factfinder then multiplies the number of hours that counsel worked on the case by the applicable rate to determine the base fee or lodestar. *Id.* The base fee is presumed to reflect the reasonable and necessary attorney's fees. *Rohrmoos Venture*, 578 S.W.3d at 499. The factfinder may adjust

---

[7] *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

the lodestar up or down if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case. *Id.* at 500–01.

It is the fee claimant's burden to provide sufficient evidence of both the reasonable hours worked and the reasonable hourly rate. *Id.* at 498. "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed the services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each attorney performing the services. *Id.*[8]

"General, conclusory testimony devoid of any real substance will not support a fee award." *Id.* at 501. Generalities about tasks performed provide insufficient information for the factfinder to meaningfully review whether the tasks and hours were reasonable and necessary. *El Apple I*, 370 S.W.3d at 764. While contemporaneous billing records are not required, *Rohrmoos Venture*, 578 S.W.3d at 502, there must be some evidence to inform the trial court of the time spent on specific tasks to enable the factfinder to meaningfully review the requested fees, *Long v. Griffin*, 442 S.W.3d 253, 253, 255 (Tex. 2014) (per curiam); *City of Laredo v. Montano*, 414 S.W.3d 731, 736–37 (Tex. 2013) (per curiam) (reversing and remanding to redetermine attorney's fees when attorney testified to the time expended and the hourly rate but failed to provide evidence of the time devoted to specific tasks).

In support of her request for attorney's fees, Suzann filed the declaration of Mark Donheiser. Donheiser stated that he was one of the attorneys representing Suzann and that he was primarily responsible for preparing Suzann's response to

---

[8]This evidentiary standard is the same for attorney's fees awarded as a fee-shifting sanction. *See Nath v. Tex. Children's Hosp.*, 576 S.W.3d 707, 709–10 (Tex. 2019) (per curiam) ("Although this case deals with attorney's fees awarded through a sanctions order, the distinction is immaterial because all fee-shifting situations require reasonableness.").

Michael's motion to dismiss. According to Donheiser, although other attorneys participated in preparing Suzann's response to the motion to dismiss, Suzann requested only that she be awarded fees for the time spent by him. Donheiser detailed the tasks that he performed in responding to Michael's motion to dismiss, the date on which he performed each task, and the number of hours that he spent on each task.

Donheiser stated that, in total, he spent 8.8 hours on Suzann's response to Michael's motion to dismiss and that his hourly rate was $435. According to Donheiser, his hourly rate was "low" for an attorney of his experience in the North Texas area. Donheiser stated that he had reviewed the factors to be considered as to the reasonableness of attorney's fees, and based on those factors, it was his opinion that the amount of $3,828 in attorney's fees was reasonable and that the work reflected thereby was necessary. Donheiser also opined about the attorney's fees that would be reasonable and necessary in the event of an appeal. Donheiser recognized a contingent fee agreement with Suzann but opined that "the likelihood of recover[ing] money from Michael is minimal because Michael has hidden the misappropriated assets."

Donheiser did not aver that the statements in his declaration were based on personal knowledge. However, a declaration need not specifically state that it is made on personal knowledge if the statements in the declaration establish that the declarant's statements were made based on personal knowledge. *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 669 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). A declarant's position or job responsibilities can qualify him to have personal knowledge of facts and establish how he learned those facts. *Hydroscience Techs., Inc. v. Hydroscience, Inc.*, 401 SW.3d 783, 791 (Tex. App.—Dallas 2013,

18

pet. denied); *Valenzuela v. State & Cty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Donheiser stated in his declaration that he was one of the attorneys representing Suzann and that he was primarily responsible for preparing Suzann's response to Michael's motion to dismiss. Further, Suzann sought to recover fees only for the time that Donheiser spent to review and respond to the motion to dismiss. Therefore, Donheiser performed every task set out in his declaration. These facts are sufficient to demonstrate that Donheiser had personal knowledge of who performed each task, the date that each task was performed, the amount of time spent on each task, and the hourly billing rate for each task.

Finally, relying on *MacFarland v. Le-Vel Brands LLC*, No. 05-17-00968-CV, 2018 WL 2213913, at *7 (Tex. App.—Dallas May 15, 2018, no pet.) (mem. op.), Michael asserts that Suzann is not entitled to recover attorney's fees because she has a contingent fee contract with her attorneys. *MacFarland* stands for the proposition that the trial court did not abuse its discretion when it failed to award to a successful TCPA movant attorney's fees based on a contingent fee agreement. *Id.* at *6–7. However, the TCPA specifically allows a successful movant to recover only those attorney's fees "incurred." CIV. PRAC. & REM. § 27.009(a)(1).

In contrast, Section 27.009(b) of the Texas Civil Practice and Remedies Code gives the trial court discretion to award a TCPA nonmovant "reasonable attorney's fees" when a motion to dismiss is frivolous. *See id.* § 27.009(b). Section 27.009(b) does not require that these attorney's fees be "incurred" by the nonmovant. *See id.* Therefore, the fact that Suzann has a contingent fee agreement with her attorneys was merely one factor that the trial court could consider when it determined what constituted a reasonable and necessary fee. *See Rohrmoos Venture*, 578 S.W.3d at 498 ("[B]ecause fee-shifting awards are to be reasonable and necessary for

successfully prosecuting or defending against a claim, reasonableness and necessity are not dependent solely on the contractual fee arrangement between the prevailing party and its attorney."); *Arthur Andersen*, 945 S.W.2d at 818 (noting that "whether the fee is fixed or contingent on results obtained" is one of the considerations in the base lodestar calculation).

We hold that the trial court did not abuse its discretion when it determined that Michael's motion to dismiss was frivolous or when it awarded the ordered attorney's fees to Suzann. We overrule Michael's third issue.

*This Court's Ruling*

We affirm the trial court's order.

W. BRUCE WILLIAMS
JUSTICE

February 4, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.